## Commonwealth v. Moore

*Merrill W. Kerlin,* District Attorney, for Commonwealth.

*Albert Foster,* for defendant.

MacPHAIL, P. J., August 14, 1969.—This defendant was charged under section 624(b) of The Vehicle Code of April 29, 1959, P. L. 58. He waived a jury trial and the case was tried by this court. We reserved our decision pending research of legal problems involved. A fair summary of the evidence adduced at the trial is as follows:

1. Defendant, an Ohio resident, was arrested for speeding on the Pennsylvania Turnpike on April 14, 1969.

2. The arresting officer subsequently caused a routine check to be made of defendant's operating privileges.

3. It was ascertained that on February 21, 1969, defendant's reciprocity privileges were suspended by the Secretary of Revenue for two months.

4. Defendant was then charged with violation of section 624(6).

5. The Commonwealth introduced an exhibit which purported to be a notice to defendant that his privileges in Pennsylvania had been suspended. This exhibit was certified under section 1224 of the code. The certification contained a statement that the notice was mailed to defendant at his Ohio address.

6. Defendant testified he never received the notice from the secretary dated February 21, 1969, and, consequently, was unaware that his privilege to drive in Pennsylvania was under suspension on the date of his arrest.

## DISCUSSION

Section 618(h) of The Vehicle Code, supra, specifically provides that when the secretary suspends the operating privileges of any person, he shall notify that person immediately of his action and of that person's right to a hearing. Absent the requisite notice, there could not be an effective suspension. Obviously, one who does not know that his privilege has been suspended could not be guilty of operating while under suspension.

To find defendant guilty of violating section 624(6), we must be convinced beyond a reasonable doubt that (a) defendant was operating a vehicle upon a highway, and (b) at the time he was operating, his privileges were under suspension. Under the provisions of section 618(h), a person's privileges cannot be suspended until defendant is notified. While the law does not specify how defendant is to be notified, certainly it is incumbent upon the Commonwealth to show that

it did notify the defendant: Commonwealth v. Galazin, 29 D. & C. 2d 701 (1962) and authority also can be found to the effect that the Commonwealth must prove that defendant received the notice, or refused to accept the notice: Commonwealth v. Aley, 88 D. & C. 280 (1954). Until there is proof that the notice was mailed, there can be no presumption that it was received. While the mailing of the notice can be proved circumstantially (see Schomberg's License, 11 Lebanon 387 (1968) ), in this case there is not even circumstantial evidence that the notice was mailed. The certificate attached to the records from the Secretary of Revenue merely makes those records admissible. It is no proof whatsoever that the requisite notice was mailed. See Lamparter Automobile License Case, 13 Bucks 258 (1963).

There should be no problem whatsoever for the Commonwealth to meet this burden of proving notice to defendant. Section 2002, which also applies to out-of-State motorists, provides for registered mail notice. If a postal receipt had been attached to the notice in this case with the signature of defendant thereon, or a notation by the postal authorities that delivery was refused, the Commonwealth's burden would have been sustained.

In any event, the Commonwealth here has offered no evidence that notice of the suspension was given to defendant. Furthermore, defendant has categorically denied that he received the notice of his suspension. If he did not know his privileges were suspended, he could not be guilty of the crime with which he is charged here.

## ORDER

And now, August 14, 1969, defendant is found not guilty. Costs to be paid by the County of Fulton.